UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                          Plaintiff,                                **ORDER**
                                                                    12 CV 218 (DRH) (AKT)
          -against-


GARY WEISS, Individually and as Trustee and
Fiduciary of the Marvin Knitting Mills, Inc. Profit
Sharing Plan, and the MARVIN KNITTING
MILLS, INC. PROFIT SHARING PLAN,

                          Defendants.
------------------------------------------------------------X

**HURLEY, Senior District Judge:**

         Plaintiff Hilda L. Solis, the Secretary of Labor of the United States Department of Labor

(the "Secretary of Labor"), commenced this action against Gary Weiss ("Weiss"), individually

and as Trustee and Fiduciary of the Marvin Knitting Mills, Inc. Profit Sharing Plan, and the

Marvin Knitting Mills, Inc. Profit Sharing Plan (the "Plan") for violations of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*  In

particular, the Secretary of Labor asserts that Weiss violated ERISA Sections 404(a)(1)(A),

404(a)(1)(B), 404(a)(1)(D), 406(a)(1)(D), and 406(b)(1).  After Weiss' default was noted by the

Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for

entry of a default judgment under Rule 55(b).  On October 26, 2012, this motion was referred to

United States Magistrate Judge A. Kathleen Tomlinson to issue a Report and Recommendation

as to whether plaintiff has demonstrated that the allegations in the Complaint establish the

defendant's liability such that the motion for default judgment should be granted, and if so, to

determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On August 19, 2013, Judge Tomlinson issued a Report and Recommendation which recommended that: (1) a default judgment be entered against Weiss; (2) plaintiff be awarded $735,436.03 in damages against Weiss for losses incurred by the Plan; (3) plaintiff be granted pre-judgment interest calculated by the Clerk of Court upon entry of judgment as set forth in the Report and Recommendation;[1] (4) any participant interest Weiss may have in any existing or future assets of the Plan be applied as an offset against the damages owed, if the losses are not otherwise restored to the Plan by Weiss; and (5) Weiss be permanently enjoined from serving as a fiduciary, trustee, agent, representative or service provider to any employee benefit plan covered by ERISA, including the Plan at issue, and from violating ERISA in the future.  More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 19, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly, the August 19, 2013 Report and Recommendation is adopted as if set forth herein, and the Secretary of Labor's motion for a default judgment is granted.[2]   The Court hereby directs that judgment be entered in favor of the Secretary of Labor and against Weiss in the amount of $735,436.03, plus pre-judgment interest to

---

[1]  Judge Tomlinson recommends that the pre-judgment interest should be based upon the underpayment rate set forth in 26 U.S.C. § 6621(a)(2), which is established by adding the Federal short term rate (currently .28%) plus three percentage points.  The Report and Recommendation further states that such interest should be compounded daily, and calculated from the date of each unlawful transaction (34 in total).

[2]  In addition to the recommendations already mentioned, Judge Tomlinson recommends that plaintiff's right to seek post-judgment interest and the appointment of an independent fiduciary be preserved.  This recommendation is also adopted.

be calculated by the Clerk of Court as set forth in the August 19, 2013 Report and

Recommendation.  In addition, any participant interest Weiss may have in any existing or future

assets of the Plan shall be applied as an offset against the amount that the Secretary of Labor is

owed, if the losses are not otherwise restored to the Plan by Weiss, and Weiss is permanently

enjoined from serving as a fiduciary, trustee, agent, representative or service provider to any

employee benefit plan covered by ERISA, including the Plan at issue here, and from violating

ERISA in the future.

        Upon entry of judgment, the Clerk of the Court is directed to close this case.


**SO ORDERED.**


Dated: Central Islip, New York
       September 9, 2013

                                            /s/
                                 Denis R. Hurley
                                 Unites States District Judge